

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| GERALD EDWARDS, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:25-1286-MGL |
| | § | |
| TONYA JAMES, *Warden*, | § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING THE PETITION**

Petitioner Gerald Edwards (Edwards) filed this 28 U.S.C. 2254 petition (the petition) against Respondent Tonya James, Warden (James). Edwards is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court James's motion for summary judgment be granted and the petition be denied. The Report was made in accordance with 28 U.S.C. 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. 636(b)(1).

The Magistrate Judge filed the Report on November 18, 2025.  After the Court granted Edwards a generous extension to file his objections,  the Clerk entered them on January 5, 2026.  James then filed a reply on January 20, 2026.  The Court has carefully considered Edwards's objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

The Magistrate Judge states in the Report "[r]eview of the record indicates [the petition] was not timely filed."  Report at 7.

The Antiterrorism and Effective Death Penalty Act of 1996 provides "[a] [one] year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. 2244(d)(1).  As per Section  2244(d)(1)(A), the Fourth Circuit has held, as is relevant here, "the one year limitation period begins running [1] when direct review of the state conviction is completed or [2] when the time for seeking direct review has expired[.]" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002).

"In short, [28 U.S.C. § 2244(d)] provides that[,] upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction [relief] [(PCR)] proceedings are pending in any state court."  *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).  Nevertheless, the one-year limitation period is subject to equitable tolling, which the Court will explain in more detail below.

The United States Supreme Court interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) in *Gonzalez v. Thaler*, 565 U.S. 134 (2012):

> The text of § 2244(d)(1)(A), which marks finality as of 'the conclusion of direct review or the expiration of the time for seeking such review,' consists of two prongs. Each prong—the conclusion of

2

> direct review and the expiration of the time for seeking such review—relates to a distinct category of petitioners. [1] For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. [2] For all other petitioners, the judgment becomes final at the expiration of the time for seeking such review—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Id.* at 150 (internal quotation marks omitted).

In this case, the statute of limitations was still tolling following the Court of Appeals's holding "the trial court did not err in allowing [Edwards] to proceed pro se because [Edwards] clearly, voluntarily, and intelligently waived his right to counsel." *Edwards v. State*, Case No. 2018-000439, 2021 WL 193107, at *1 (S.C. Ct. App. Jan. 20, 2021). The Court of Appeals "[f]urther . . . h[e]ld [Edwards] waived his right to counsel knowingly, intelligently, and with the full understanding of the dangers and disadvantages of self-representation." *Id*. at *2.

Edwards had thirty days after the Court of Appeals decided his appeal to petition the South Carolina Supreme Court for a writ of certiorari. *See* Rule 242(c), SCACR ("A petition for writ of certiorari shall be served on opposing counsel and filed with proof of service with the Clerk of the Court of Appeals and the Clerk of the Supreme Court within thirty (30) days after the petition for rehearing or reinstatement is finally decided by the Court of Appeals.").

But, Edwards failed to seek review of the Court of Appeals's January 20, 2021, decision to the South Carolina Supreme Court, the state's highest court. Thus, "because [Edwards] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired." *Gonzalez*, 565 U.S. at 150.

3

Edwards presented the petition to the mailroom of his prison on February 27, 2025, which the Court construes as the date he filed the petition. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) ("the [petition] was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."). But, the one-year statute of limitations was long expired at that point. The reader is directed to the Report, which will be incorporated into this Order, for the specifics of counting the days the statute of limitations was tolled.

Turning now to Edwards's objections. The Court has teased out four from Edwards's submission. In Edwards's first objection, and throughout his submission, he provides his recitation of the state proceedings in this case and his dissatisfaction with them. But, the Court agrees with the Magistrate Judge's conclusion: the petition is untimely. Thus, it would be improper for the Court to consider most of these merits-based arguments. Therefore, because the petition is untimely, Edwards's first objection will be overruled.

As to Edwards's second objection, he correctly insists equitable tolling is available in the Section 2254 context. In fact, the Supreme Court, in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, (1990), stated, it had "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id*. at 96 (footnotes omitted). However, the Court has "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id*.

Lacking here is any suggestion Edwards "fil[ed] a defective pleading during the statutory period[ ] [or that he] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id*. Thus, the only question here is whether he "exercise[d] due diligence in preserving his legal rights." *Id*.

4

In arguing for equitable tolling, Edwards cites to the alleged mistakes and misconduct of his counsel.  But, the Court is unable to fathom how an error by his trial counsel kept him from timely filing the petition with this Court.  From the record before the Court, it holds Edwards has wholly failed to demonstrate he exercised any due diligence whatsoever in preserving his legal rights.

Accordingly, inasmuch as Edwards has failed to show he is entitled to equitable tolling, the Court will also overrule Edwards's second objection.

Third, Edwards states he "is [i]nnocent and should be allowed to be heard[.]" Objections at 5.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass [if] the impediment is . . . expiration of the statute of limitations. . . . [T]enable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court. . . , in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup*, 513 U.S. at 329).

"[A] substantial claim . . . constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. And again, "a petitioner must show . . . it is more likely than not . . . no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327.

"[T]he *Schlup* standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so strong . . . a court cannot have confidence in the outcome of the

trial unless the court is also satisfied . . . the trial was free of [harmful] constitutional error.'" *Id*. at 401 (quoting *Schlup*, 513 U.S. at 316).

But, lacking here is any strong evidence of Edwards's innocence; and the Court is convinced Edwards's "trial was free of [harmful] constitutional error.'" *Id*. at 401 (quoting *Schlup*, 513 U.S. at 316). Accordingly, the Court will overrule Edwards's third objection, too.

Concerning Edwards's fourth objection, he argues the petition was timely filed because he filed the petition with the Court on March 3, 2025, after the April 1, 2024, state court's dismissal of his second PCR.

But, Edwards's filing of a second PCR application on May 4, 2021, failed to toll the statute of limitations because the state court found the PCR application was untimely and successive. *See* 28 U.S.C. S 2244(d)(2) (suggesting an improperly filed post conviction relief action fails to toll the one year limitation period); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's [PCR] petition as untimely, it was not properly filed, and he is not entitled to statutory tolling under 2244(d)(2).").

Consequently, because Edwards is unentitled to tolling while his second PCR petition was pending, the Court will overrule Edwards's fourth objection, too.

Edwards's remaining objections are so meritless as to make discussion of them unnecessary.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Edwards's objections, adopts the Report to the extent it is consistent with this Order, and incorporates those portions herein. It is therefore the judgment of the Court James's motion for summary judgment is **GRANTED a**nd the petition is **DENIED**.

To the extent Edwards seeks a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED.**

Signed this 3rd day of March, 2026, in Columbia, South Carolina.

                                            /s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Edwards is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.